# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Sharon P. Margello (SM 4852)
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960
(973) 656-1600
Attorneys for Defendant
Intertek USA Inc., erroneously
identified as Caleb Brett, Inc.

---------------------------------------------------

| | | |
|---|---|---|
| WENCILIO ADEVA, individually and on behalf of all other persons similarly situated, | : | Hon. Richard M. Berman |
| | : | Civ. Action No. 07-cv-6973 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| INTERTEK GROUP, PIC and CALEB BRETT, INC., jointly and severally, | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------


---

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

---


Of Counsel:
Sharon P. Margello, Esq.

## INTRODUCTION

Wencilio Adeva ("Plaintiff") filed a complaint that appears to allege that Intertek USA Inc., erroneously identified as, Caleb Brett, Inc. ("Defendant") failed to pay him and other similarly situated employees overtime in violation of the Fair Labor Standards Act ("FLSA") and of the New York State labor law.  However, Plaintiff's complaint fails to state a claim upon which relief can be granted.  Therefore, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant moves to dismiss the complaint with prejudice.  In the alternative, should the Court deny the motion to dismiss under Rule 12(b)(6) Defendant requests, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, that the Court order Plaintiff to provide a more definite statement.[1]  Also, Defendant respectfully requests that this matter be dismissed on the grounds that the venue is improper or, alternatively, transferred to the United States District Court for the District of New Jersey.

I.    **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THEREFORE, THE COMPLAINT SHOULD BE DISMISSED**

Plaintiff's Complaint should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a cause of action upon which relief can be granted.  "The function of a motion to dismiss 'is merely to assess the legal feasibility of the complaint.'"  *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)(citations omitted).  It is proper to grant a motion to dismiss when the factual allegations, even when read in the light most favorable to the plaintiff, are insufficient to set forth a cause of action.  *See Chance v.*

---

[1] Plaintiff's complaint also names Intertek Group PLC as a defendant however, this corporate defendant has not been properly served.

2

*Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

As an initial matter, Plaintiff has not complied with Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that [he] is entitled to relief". Fed. R. Civ. P. 8(a)(2). A pleading must give the court and the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," so as to enable the adverse party to answer and prepare for trial and to allow for the application of the doctrine of *res judicata*. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Simmons v. Abruzzo*, 49 F.3d 83 (2d Cir. 1995).

Plaintiff's complaint fails to describe the factual allegations underlying his claims with sufficient specificity to allow Defendant to evaluate and understand the claims. Rather than assert specific facts, Plaintiff simply states that Defendant failed to pay him for overtime worked in violation of the FLSA and of New York state law. He does not allege with any specificity how the Defendant violated the law except that it allegedly failed to pay him overtime compensation of one and one-half times his regular hourly rate. (Complaint ¶27) In failing to plead facts which explain how he was paid, what was his regular rate of pay and how much was he paid, plaintiff has failed to state any facts which support his FLSA claim. He does not allege any facts which if true constitute a violation of the FLSA - - he simply makes blanket allegations that the FLSA was violated.

Plaintiff's complaint also alleges that other employees were not paid ***at all*** and did not receive time an a half for hours worked in excess of 40 hours per week. (Complaint ¶29) His complaint does not provide any facts to support a claim under the FLSA or

3

New York Law on behalf of these other employees.  Without specific factual support it is impossible for the Defendant to evaluate each allegation.  Moreover, these unsupported allegations cannot be the basis for a claim under either the FLSA or under New York state law.

Plaintiff also asserts that Defendant violated the record keeping provisions of the FLSA. (Complaint ¶38)  Again, plaintiff fails to state a cause of action because there are no facts listed in the complaint that establish that any records that are required to be maintained under the FLSA are not in fact maintained.

Plaintiff spends a great deal of time in his complaint setting forth the elements necessary to maintain a collective or class action under the FLSA and under the New York state law.  However, these recitations of the elements do not include factual support to allege that such elements are met in this case.  Plaintiff cannot simply state that he has the same interests as the members of the class when he has failed to allege who the members of the class are other than that they are "non-exempt employees within the meaning of the FLSA."  Without knowing who these class members might be the Defendant cannot evaluate Plaintiff's claims as required in *Swierkiewicz*.  Plaintiff's claim that he has the same interests as those in the broadly defined class is not supported by any facts.  Indeed, as drafted plaintiff's complaint may be intended to include individuals who are unionized, and individuals who are non-unionized secretaries, maintenance staff, administrators and employees in every other non-exempt positions within the company. Plaintiff's conclusory statements that he has the same interests are not sufficient to state a claim.

Plaintiff also fails to cite to applicable portions of the New York labor law. Plaintiff cites to the sections of the labor law that define the term "employer" and also to the section that provides that a plaintiff may receive damages for violations. However, Plaintiff cites to no section that would indicate the type of violations he claims Defendant committed in this matter. Without this information Defendant cannot evaluate Plaintiff's claim because it is entirely unclear what his claim is. Plaintiff cannot simply state that Defendant is an employer within the meaning of the law and that the law allows successful plaintiffs to receive damages without also alleging the nature of the violation for which he believes he is entitled to damages. Having failed to cite to those provision of the Labor law in which leakages were violated by defendants in his second claim for relief, plaintiff has filed to state a claim.

Accordingly, pursuant to Rule 12(b)(6) the complaint should be dismissed with prejudice.

## II.    THE COMPLAINT SHOULD ALSO BE DISMISSED FOR IMPROPER VENUE.

Dismissal of the Complaint also is warranted under Rule 12(b)(3) of the Federal Rules of Civil Procedure as venue in the United States District Court for the Southern District of New York is improper. Even when accepting all the facts alleged in the complaint as true and making all reasonable inferences in favor of the plaintiff, plaintiff has not, and cannot, satisfy his burden of establishing that venue in the Southern District of New York is proper. *See Caremark Therapeutic Services v. Leavitt*, 405 F. Supp.2d 454, 457 (S.D.N.Y. 2005). Therefore, dismissal of the Complaint is warranted. Alternatively, Defendants request that this case be transferred to the District of New Jersey pursuant to 28 U.S.C. §1406(a).

Venue is governed by 28 U.S.C. §1391(b), which provides that in a case where federal "jurisdiction is not founded solely on diversity of citizenship" (as in this case), venue is proper only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  Nothing alleged in the Complaint authorizes venue in the Southern District of New York in accordance with these provisions.

First, venue is not proper under 28 U.S.C. §1391(b)(1).  A corporation resides where it is subject to personal jurisdiction.  *See* 28 U.S.C. §1391(c).  Nothing alleged in the Complaint supports a finding that both Intertek Group, PLC and Intertek USA Inc., erroneously identified as Caleb Brett, Inc., are subject to personal jurisdiction in the Southern District of New York (*i.e.*, New York County and Bronx County).  Accordingly, venue in the Southern District of New York is not proper under § 1391(b)(1).  *See Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408 (2d Cir. 2005).

Additionally, venue is not proper under 28 U.S.C. §1391(b)(2).  Plaintiff alleged no facts to support a finding that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of New York (*i.e.*, New York County or Bronx County).  Plaintiff, a resident of the State of New Jersey, asserts that he was employed at "Defendants' Linden, New Jersey facility."  *See* Complaint, ¶ 24.  Plaintiff comments that "some" of his work occurred in the State of New York.  However, "some" is not "substantial."  Moreover, plaintiff failed to assert this work

occurred in the Southern District of New York for the simple fact that he cannot make such an assertion.  Plaintiff never worked in either New York County or Bronx County.  As such, none of the events or omissions giving rise to his claims could have occurred in the Southern District of New York.  Accordingly, venue in the Southern District of New York is not proper under § 1391(b)(2).  *See Daniel*, *supra*.

Finally, venue is not proper under 28 U.S.C. §1391(b)(3).  Venue under this subsection is only proper when there is no other district in which the action may be brought.  *See Daniel*, 428 F.3d at 434.  Based on the allegations in the Complaint, venue is proper in the District of New Jersey under 28 U.S.C. §1391(b)(2).  Since venue is proper in the District of New Jersey, venue cannot be established under §1391(b)(3).

Accordingly, the Complaint should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  Alternatively, Defendants request that this case be transferred to the District of New Jersey pursuant to 28 U.S.C. §1406(a).

### III.    THE COMPLAINT FAILS TO ESTABLISH THE ELEMENTS NECESSARY FOR A  COLLECTIVE ACTION OR FOR A CLASS ACTION.  THUS, THESE ACTIONS SHOULD BE DISMISSED

Plaintiff fails to show that he is entitled to pursue his claims as a collective action under the FLSA or as a class action under Rule 23 of the Federal Rules of Civil Procedure.  Consequently, Plaintiff's requests that his claims be treated as a collective and/or class action should be denied.

### A.    FLSA Collective Action

In order for Plaintiff to establish that he is entitled to pursue his FLSA claims as a collective action he must show that he is similarly situated with other employees who were subjected to the same policy that he claims violated the FLSA.  *Lee v. ABC Carpet*

*& Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006).  Plaintiff fails to allege facts which would show that he is similarly situated to any other of Defendant' employees.  He does not allege which of Defendant' employees are similarly situated to him.  He does not offer the names of these other individuals.  He does not offer the job titles of these employees to whom he claims to be similarly situated.  He does not even describe what these employees do for the Company.  Plaintiff does nothing to identify to whom he thinks he is similarly situated for the purposes of this matter.  Plaintiff simply offers that he is similarly situated to other "non-exempt" employees.  This allegation does nothing to let Defendant evaluate and understand the claims that he is making because it does not identify with any specificity to whom he thinks he is similarly situated.  Plaintiff has failed to allege sufficient facts to show that he is entitled to proceed under the collective action model of the FLSA.  Consequently, Plaintiff's collective action claims should be dismissed.

### B.    New York State Law Class Action

Plaintiff has not alleged sufficient facts to support his claim for a class action under the New York state labor law.  Plaintiff asserts that his claims should be treated as a class action under Rule 23 of the Federal Rules of Civil Procedure.  However, he has failed to allege sufficient facts to support the certification of his claims as a class action. In order to establish the prerequisites to a class action the Plaintiff must show "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  *Klein v. Ryan Beck Holdings,*

*Inc.*, 2007 WL 2059828 (S.D.N.Y. July 20, 2007) (citing to Rule 23 (a)). The complaint has not alleged facts supporting any of the four elements required by Rule 23. Plaintiff cannot simply recite the requirements of Rule 23 in order to satisfy the Rule's requirements. As discussed above, Plaintiff does not even allege facts about these alleged class members to identify who they are beyond stating that they are "non-exempt employees." Such a statement does not give Defendant any notice of who might be a member of the alleged class nor does it show that Plaintiff shares any issues of fact or law with these "non-exempt employees" that would entitle him to class certification. Plaintiff's class action allegations should be dismissed because they fail to meet the requirements of Rule 23.

## IV. **IN THE ALTERNATIVE, IF THE COURT DOES NOT DISMISS THE COMPLAINT IT SHOULD ORDER THE PLAINTIFF TO PROVIDE A MORE DEFINITE STATEMENT**

Should the Court decline to dismiss the complaint in its entirety, Defendant requests that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e). Plaintiff's Complaint is vague, ambiguous and is too confusing for Defendant to be able to form its answer. Accordingly, Defendant requests that Plaintiff be required to submit a more definite statement such that Defendant is able to provide an answer to his claims. When faced with a motion for a more definite statement "the court may insist that the plaintiff put forward specific, non-conclusory factual allegations." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)(internal quotation marks omitted).

Plaintiff does not allege clearly how he thinks the Defendant has violated the FLSA and the New York state law. In paragraph 1 of the complaint Plaintiff alleges that

he and other employees are "entitled to unpaid wages from Defendant for worked [sic] performed which they received no compensation at all."  In paragraph 8 he also alleges that he and others received no compensation for hours they worked.  However, in his statement of facts he alleges that Defendant failed to pay him "overtime compensation of one and one-half times his regular hourly rate."  (Complaint ¶ 27).  He does not allege that he was not paid for all the hours he worked.  He alleges that other individuals have not been paid "any compensation for all of the hours worked by them."  (Complaint ¶ 29).  Unfortunately, these allegations do not explain whether Plaintiff is alleging that he was not paid at all for his overtime work or whether he believes he was simply not paid time and a half for those hours.  Similarly, it is not clear, based on the contradictory allegations, whether Plaintiff claims he was not paid for all the hours he worked or whether he is alleging that the other employees were the only ones not paid.  He alleges that he was not paid "proper compensation" but does not offer any insight into why he believes this or in what way the pay was improper.  (Complaint ¶ 43).

Without more, Defendant do not know if Plaintiff is claiming that he was asked to work off the clock, that he was paid for fewer hours than he actually worked, that he was not paid at all for his overtime hours, that he objects to the manner in which his overtime pay was calculated, or that he was paid less than is required by law for his overtime work.  Absent some clearer statement of what Plaintiff asserts is the basis for his claims the Defendant cannot be expected to answer the complaint.

Furthermore, the citations Plaintiff makes to the New York state law do not offer any more clues about how he believes Defendant violated the law.  He does not cite to a specific provision that would allow the Defendant to understand what the bases are for

his claims.  Instead he cites to the definitional provision and the provision allowing for damages for violations of the law.  Defendant cannot, therefore, answer the complaint without a better understanding of the grounds upon which Plaintiff is making his claims. Like his FLSA claim, the complaint is not clear if plaintiff is alleging that he was not paid *at all* for some of the work performed or that he was not paid *at all* for some of his over time or that he was paid for overtime but at the wrong rate.  His failure to cite a statutory basis for his wage claim under New York law renders it impossible to determine what he is claiming so that a response can be drafted.

For these reasons, pursuant to Rule 12(e) Defendant request that the Court order the Plaintiff to submit a more definite statement.

## CONCLUSION

For the foregoing reasons Defendant respectfully request that the Court grant their motion dismissing the complaint pursuant to Rule 12(b)(6), dismissing the complaint for improper venue pursuant to Rule 12(b)(3), or in the alternative that the Court order Plaintiff to provide a more definite statement pursuant to Rule 12(e).

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


/s/ Sharon P. Margello_____
Sharon P. Margello (SM 4852)

Dated August 28, 2007