


**MEMO ENDORSED**

[Handwritten endorsement:]
Defense motion to dismiss is denied without prejudice as not in accord with Court's rules or practice (including joint motion involving multiple dfts, etc.) Conf. adjourned to 10/9/07 @ 2:00 P.M.

SO ORDERED:
Date: 9/7/07
Richard M. Berman, U.S.D.J.

September 6, 2007

**VIA FEDERAL EXPRESS**

Hon. Richard M. Berman, USDJ
United States District Court
Southern District of New York
United States Courthouse
40 Centre Street
New York, New York 10007

Re:  Wencilio Adeva vs. Intertek Group, PLC et al.
     Case No. 07-civ-6973 (RMB)(THK)

Dear Judge Berman:

This firm represents defendants Intertek Group, PLC and Intertek USA Inc., erroneously identified as Caleb Brett, Inc. We are writing to request a pre-motion conference with Your Honor. Defendant Intertek USA Inc. filed a Motion to Dismiss the Complaint or in the alternative, for a More Definite Statement and a Motion to Change Venue on August 28, 2007. We understand from Your Honor's chambers that these motions will be dismissed without prejudice to re-file after the pre-motion conference. This letter sets forth the basis for the anticipated re-filed motions on behalf of Intertek USA Inc. and motions to be made on behalf of Intertek Group, PLC, for whom a Summons Returned as Executed was filed indicating service on August 17, 2007. Plaintiff's counsel has consented to a two week extension of time for Intertek Group, PLC to answer or otherwise respond to the Complaint. The Stipulation extending the time is enclosed with this letter and has been filed electronically. However, in light of Your Honor's motion procedures, Defendants will await the direction of the Court at the pre-motion conference before filing any further motions.

An initial pre-trial conference is set for September 14, 2007 at 10:00 a.m. Plaintiff's counsel has requested an adjournment of the initial pre-trial conference and is available at the Court's convenience anytime after October 5, 2007, given the schedule of religious holidays in September and early October.. Defendants have consented to this request and, on agreement of all counsel, the parties respectfully request that the initial pre-trial conference be adjourned from September 14th and that the pre-motion conference and Initial conference be held sometime after October 5, 2007.

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

A South Carolina Professional Corporation
Mark Diana ■ New Jersey Managing Shareholder

Hon. Richard M. Berman, USDJ
September 6, 2007
Page 2



### A. The motion to be filed on behalf of Intertek Group, PLC.

Wencilio Adeva ("Plaintiff"), an employee of Intertek USA Inc., filed a complaint that appears to allege that Intertek USA Inc., erroneously identified as Caleb Brett, Inc. ("Defendant"), and its parent company, Intertek Group, PLC (collectively "Defendants"), failed to pay him and other similarly situated employees overtime in violation of the Fair Labor Standards Act ("FLSA") and of the New York State labor law. Defendant, Intertek Group PLC seeks to file a motion to dismiss the Complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because Plaintiff failed to serve it with process and the court lacks personal jurisdiction over this defendant. Plaintiff submitted an affidavit of service stating that it had served Intertek Group by serving Intertek USA, Inc.'s location in Carteret, New Jersey. Because Plaintiff cannot serve Intertek Group, PLC by serving process on its subsidiary, service on Intertek USA was never completed. Thus the Complaint should be dismissed for lack of personal jurisdiction over Intertek Group, PLC. Furthermore, Defendant Intertek Group, PLC seeks to file a motion to dismiss the Complaint because it is not Plaintiff's employer. Even if the Court finds that it has personal jurisdiction over Intertek Group, PLC the Complaint should be dismissed because Intertek Group, PLC is not Plaintiff's employer.

### B. The motions to be filed on behalf of Intertek Group, PLC. and Intertek USA Inc.

In addition to the motions to be filed on behalf of Defendant Intertek Group, PLC, Defendants seek to file a motion to dismiss the complaint on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted. In the alternative, should the Court deny the motion to dismiss under Rule 12(b)(6) Defendants will request, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, that the Court order Plaintiff to provide a more definite statement. Also, Defendants seek to file a motion to dismiss the matter on the grounds that the venue is improper or, alternatively, that the case be transferred to the United States District Court for the District of New Jersey.

Plaintiff's complaint fails to describe the factual allegations underlying his claims with sufficient specificity to allow Defendant to evaluate and understand the claims. Rather than assert specific facts, Plaintiff simply states that Defendant failed to pay him for overtime worked in violation of the FLSA and of New York state law. He does not allege with any specificity how the Defendant violated the law except that it allegedly failed to pay him overtime compensation of one and one-half times his regular hourly rate. Complaint ¶27. In failing to plead facts which explain how he was paid, what was his regular rate of pay and how much was he paid, plaintiff has failed to state any facts which support his FLSA claim. He does not allege any facts which if true constitute a violation of the FLSA -- he simply makes blanket allegations that the FLSA was violated.

Hon. Richard M. Berman, USDJ
September 6, 2007
Page 3



    Plaintiff's complaint also alleges that other employees were not paid *at all* and did not receive time and one half for hours worked in excess of 40 hours per week. Complaint ¶29. His complaint does not provide any facts to support a claim under the FLSA or New York Law on behalf of these other employees. Without specific factual support it is impossible for the Defendant to evaluate each allegation. Moreover, these unsupported allegations cannot be the basis for a claim under either the FLSA or under New York state law.

    Plaintiff also asserts that Defendant violated the record keeping provisions of the FLSA. (Complaint ¶38) Again, plaintiff fails to state a cause of action because there are no facts listed in the complaint that establish that any records that are required to be maintained under the FLSA are not in fact maintained.

    Plaintiff also fails to cite to applicable portions of the New York labor law which he claims were violated by defendants. Having failed to cite to those provision of the Labor law, plaintiff has failed to state a claim.

    Finally, Defendants seek to dismiss the complaint on the grounds of improper venue. Plaintiff alleged no facts to support a finding that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in the Southern District of New York (*i.e.*, New York County or Bronx County). Plaintiff, a resident of the State of New Jersey, asserts that he was employed at "Defendants' Linden, New Jersey facility." *See* Complaint ¶ 24. Plaintiff comments that "some" of his work occurred in the State of New York. However, "some" is not "substantial" and therefore does not meet the requirements for venue to be located in New York. In the alternative, Defendants will seek transfer of venue to the District of New Jersey.

    Thank you for your attention to this request.

    Respectfully submitted,

    OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.

    *Sharon P. Margello*
    Sharon P. Margello

cc:    Jeffrey M. Gottlieb, Esq. (via fax and regular mail)
        Justin A. Zeller, Esq. (via fax and regular mail)